UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HUGLER, ACTING SECRETARY OF LABOR, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA; ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA; BOSTON PIZZA COMPANY, LLC; WEYMOUTH PIZZA CO., LLC; STAVROS "STEVE" PAPANTONIADIS; and POLYXENY "PAULINA" PAPANTONIADIS<br><br>Defendants. | CIVIL ACTION: 1:17-cv-10500 |

## **COMPLAINT**

**I.**

Plaintiff brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 12, 15(a)(2), 15(a)(4) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.), hereinafter called the "Act," and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

**II.**

This Court has jurisdiction over this action pursuant to Section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

**THE CORPORATE DEFENDANTS**

**III.**

Defendant PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA, is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 212 Temple

1

Street, West Roxbury, MA 02132, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a chain of pizza restaurants. Defendant PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA owns and operates Stash's Pizza restaurants located at 253 Dean St., Norwood, MA 02062 (the "**Norwood Restaurant**"); 330 Belgrade Ave., Roslindale, MA 02131 (the "**Roslindale Restaurant**"); and 182 Onset Ave., East Wareham, MA 02538 (the "**Onset Beach Restaurant**").

**IV.**

Defendant ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA, is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 212 Temple Street, West Roxbury, MA 02132, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a pizza restaurant. Defendant ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA owns and operates a Stash's Pizza restaurant located at 612 Blue Hill Ave., Dorchester MA 02121 (the "**Dorchester Restaurant**").

**V.**

Defendant BOSTON PIZZA COMPANY, LLC, was a limited liability company having an office and place of business at 201 Common Street, Dedham, MA 02026, within the jurisdiction of this Court, and was engaged at that place of business, and elsewhere, in the operation of a pizza restaurant. Defendant BOSTON PIZZA COMPANY, LLC owned and operated the Boston Pizza Company restaurant located at 69 Washington St., Norwell, MA 02061 (the "**Norwell Restaurant**") during times here relevant until it sold the business as on December 31, 2013. Defendant BOSTON PIZZA COMPANY, LLC ceased operations on or about December 31, 2013.

**VI.**

Defendant WEYMOUTH PIZZA CO., LLC was a limited liability company having an office and place of business at 201 Common Street, Dedham, MA 02026, within the jurisdiction

of this Court, and was engaged at that place of business, and elsewhere, in the operation of a pizza restaurant. Defendant WEYMOUTH PIZZA CO., LLC owned and operated the Pacini's Italian Eatery pizza restaurant located at 836 Washington St., Weymouth, MA 02189 (the "**Weymouth Restaurant**") during times here relevant until the restaurant closed on May 4, 2015. Defendant WEYMOUTH PIZZA CO., LLC ceased operations on or about May 4, 2015.

## THE INDIVIDUAL DEFENDANTS

### VII.

Defendant STAVROS "STEVE" PAPANTONIADIS has an office and place of business at 253 Dean Street, Norwood MA 02062, and resides at 201 Common Street, Dedham, MA 02026 and/or 701 Gay Street, Westwood MA 02090, all within the jurisdiction of this Court.

### VIII.

Defendant STAVROS "STEVE" PAPANTONIADIS is now, and at all times hereinafter mentioned was, the Treasurer, Secretary and Chief Financial Officer of PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA and as such actively manages, supervises and directs the day-to-day business affairs and operations of said business. Defendant STAVROS "STEVE" PAPANTONIADIS had final authority over business and personnel decisions at the corporation's restaurants, including hiring and firing. He determined the rates and amount of compensation paid to the corporation's employees. He was personally responsible for non-payment of minimum wages and required overtime compensation to the corporation's employees. This included regularly paying employees the straight time regular rate for hours in excess of 40 in a workweek. In addition to his general authority over the corporation and its restaurants, Defendant STAVROS "STEVE" PAPANTONIADIS was a regular onsite supervisor at the company's Norwood Restaurant. Defendant STAVROS "STEVE" PAPANTONIADIS has acted at all times material herein directly and indirectly in the interest of said business in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

**IX.**

Defendant STAVROS "STEVE" PAPANTONIADIS is now, and at all times hereinafter mentioned was, the Treasurer and sole Director of ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA and as such actively manages, supervises and directs the day-to-day business affairs and operations of said business. Defendant STAVROS "STEVE" PAPANTONIADIS had final authority over the corporation's business and personnel decisions, including hiring and firing. He determined the rates and amount of compensation paid to the corporation's employees. He was personally responsible for non-payment of minimum wages and overtime compensation to the corporation's employees. This included regularly paying employees the straight time regular rate for hours in excess of 40 in a workweek. In addition to his general authority over the corporation, Defendant STAVROS "STEVE" PAPANTONIADIS was a regular onsite supervisor at the company's Dorchester Restaurant. Defendant STAVROS "STEVE" PAPANTONIADIS has acted at all times material herein directly and indirectly in the interest of said business in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

**X.**

Defendant STAVROS "STEVE" PAPANTONIADIS was at all times relevant until and through December 31, 2013, the Manager of BOSTON PIZZA COMPANY, LLC and as such actively managed, supervised and directed the day-to-day business affairs and operations of said business. Defendant STAVROS "STEVE" PAPANTONIADIS had final authority over the corporation's business and personnel decisions, including hiring and firing. He determined the rates and amount of compensation paid to the company's employees. He was personally responsible for non-payment of required overtime compensation to the company's employees. This included regularly paying employees the straight time regular rate for hours in excess of 40 in a workweek. In addition to his general authority over the company, Defendant STAVROS "STEVE" PAPANTONIADIS was a regular onsite supervisor at the company's Norwell Restaurant. Defendant STAVROS "STEVE" PAPANTONIADIS has acted at all times material

herein directly and indirectly in the interest of said business in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

### XI.

Defendant STAVROS "STEVE" PAPANTONIADIS was at all times relevant until and through May 4, 2015, the Manager of WEYMOUTH PIZZA CO., LLC and as such actively managed, supervised and directed the day-to-day business affairs and operations of said business. Defendant STAVROS "STEVE" PAPANTONIADIS had final authority over the company's business and personnel decisions, including hiring and firing. He determined the rates and amount of employee compensation to the company's employees. He was personally responsible for non-payment of required overtime compensation to the company's employees. This included regularly paying employees the straight time regular rate for hours in excess of 40 in a workweek. Defendant STAVROS "STEVE" PAPANTONIADIS has acted at all times material herein directly and indirectly in the interest of said business in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

### XII.

Defendant POLYXENY "PAULINA" PAPANTONIADIS has an office and place of business at 330 Belgrade Ave., Roslindale, MA 02131, and resides at 201 Common Street, Dedham, MA 02026 and/or 701 Gay Street, Westwood MA 02090, all within the jurisdiction of this Court.

### XIII.

At all times relevant, Defendant POLYXENY "PAULINA" PAPANTONIADIS has actively managed and supervised the day-to-day business operations of PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA at the corporation's Roslindale Restaurant. Defendant POLYXENY "PAULINA" PAPANTONIADIS was the primary supervisor of said restaurant with authority over daily business decisions. Defendant POLYXENY "PAULINA" PAPANTONIADIS was personally responsible for the payment of straight time wages for overtime hours worked by employees at said restaurant. Defendant POLYXENY "PAULINA"

PAPANTONIADIS was also personally responsible for altering time records at said restaurant to conceal overtime hours worked by employees. Defendant POLYXENY "PAULINA" PAPANTONIADIS has acted at all times material herein directly and indirectly in the interest of said business in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

## THE DEFENDANTS ARE AN "ENTERPRISE" COVERED BY THE ACT

### XIV.

Defendants PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA, ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA, BOSTON PIZZA COMPANY, LLC, WEYMOUTH PIZZA CO., LLC, STAVROS "STEVE" PAPANTONIADIS, and POLYXENY "PAULINA" PAPANTONIADIS are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r). Among other things, the aforementioned Defendants shared employees, overhead and payroll services, and were actively managed by Defendant Stavros "Steve" Papantoniadis who had final authority over the enterprise's business and personnel decisions.

### XV.

At all times hereinafter mentioned, Defendants PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA, ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA, BOSTON PIZZA COMPANY, LLC, WEYMOUTH PIZZA CO., LLC, STAVROS "STEVE" PAPANTONIADIS, and POLYXENY "PAULINA" PAPANTONIADIS employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes

at the retail level that are separately stated). Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s). The aforementioned Defendants used equipment, vehicles and supplies that had moved in interstate commerce and had annual gross volume of sales (exclusive of excise taxes at the retail level that are separately stated) in excess of $2 million at all relevant times herein.

## THE DEFENDANTS FAILED TO PAY THE MINIMUM WAGE

### XVI.

Defendants PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA, ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA, BOSTON PIZZA COMPANY, LLC, WEYMOUTH PIZZA CO., LLC, STAVROS "STEVE" PAPANTONIADIS, and POLYXENY "PAULINA" PAPANTONIADIS have willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees' wages at rates less than the applicable minimum wage. Defendants failed to pay the required minimum wage to six employees. Defendants did not pay employees for any hours in certain pay periods, including for weeks ending: July 5, 2015; August 2, 2015; January 24, 2016; March 6, 2016; March 13, 2016; June 26, 2016; July 3, 2016; July 10, 2016; and September 25, 2016. Of the six employees, one employee was not paid in three of the listed weeks, one employee was not paid in two of the listed weeks, and four employees were not paid in one of the listed weeks. The affected employees were restaurant staff and delivery drivers worked at the Dorchester, Roslindale and Norwood Restaurants.

Defendants' practice included denying at least three employees their final paychecks at the conclusion of their employment.

## THE DEFENDANTS FAILED TO PAY REQUIRED OVERTIME COMPENSATION

### XVII.

Defendants PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA, ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA, BOSTON PIZZA COMPANY, LLC,

WEYMOUTH PIZZA CO., LLC, STAVROS "STEVE" PAPANTONIADIS, and POLYXENY "PAULINA" PAPANTONIADIS have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed. A total of about one-hundred twenty employees did not receive the required overtime rate. The affected employees worked an average of 60-80 hours per week. The affected employees included delivery drivers, pizza chefs, grill and prep cooks, cashiers, assistant managers and other restaurant staff at the Norwood, Roslindale, Dorchester, Norwell and Weymouth Restaurants.

Defendants regularly paid employees the regular rate (but not the additional half-time premium) for overtime hours worked. This was Defendants regular overtime policy for all staff who worked more than 40 hours per week. About one-hundred twenty employees in total did not receive the half-time premium for work in excess of 40 hours in a week. The practice affected employees at all of Defendants' restaurant locations. Defendants engaged in the practice on a weekly basis during the period of November 18, 2013 through at least March 20, 2016.

Defendants failed to pay about fifteen employees for all hours worked in overtime weeks. Defendants sometimes simply failed to pay employees for all hours worked. The unpaid hours varied by employee and by workweek, and amounted to as much as 5 to 10 hours in certain instances. Defendants also failed to correct a payroll error that shorted employees' fractional hours in certain overtime weeks. The employees affected by these practices worked at the Norwood, Roslindale, and Dorchester Restaurants. Defendants engaged in the practice on a weekly basis during the period of November 18, 2013 through at least March 20, 2016.

Defendants also failed to pay the required overtime rate to about five tipped delivery drivers. Defendants incorrectly calculated the overtime premium and tip credit applicable to the driver's work in excess of 40 hours per week. The affected delivery drivers worked at the Norwood and Roslindale Restaurants. Defendants engaged in the practice during the period of

November 18, 2013 through at least November 13, 2016.

**THE DEFENDANTS FAILED TO MAKE, KEEP AND PRESERVE RECORDS AS REQUIRED BY THE ACT**

**XVIII.**

Defendants PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA, ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA, BOSTON PIZZA COMPANY, LLC, WEYMOUTH PIZZA CO., LLC, STAVROS "STEVE" PAPANTONIADIS, and POLYXENY "PAULINA" PAPANTONIADIS have willfully and repeatedly violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.  Defendants did not keep accurate time and payroll records for at least one-hundred twenty employees.

Defendants failed to keep regular records of employees' hours from at least November 18, 2013 through March 20, 2016.  Defendants also failed to keep accurate records of wage payments to employees during this period.  Employees received the majority of their wages in cash during this period and the employer failed to keep records of the cash payments.  These practices affected all staff at all of Defendants' restaurant locations.

Defendants also failed to keep accurate time and payroll records for about ten employees during the period of March 20, 2016 to present.  Defendants paid the affected employees in cash during this period without maintaining records of the cash payments.  Defendants misrepresented pay rates on the payroll for the affected employees, which together with cash payments to said employees, had the effect of concealing the employees' true regular rate.  Defendants also falsified time records for some of the affected employees.  Defendants did so by deleting hours of

work on the company's point-of-sale timekeeping system. The purpose of these practices was to conceal employees' true hours from discovery by the Plaintiff. Defendants engaged in the practices described in this paragraph on a weekly basis, and are continuing to do so at present with respect at least two employees.

During all times here relevant, Defendants did not maintain dates of birth on file for employees under the age of 19 as required by DOL regulations.

**THE DEFENDANTS EMPLOYED OPPRESSIVE CHILD LABOR IN VIOLATION OF THE ACT**

**XIX.**

Defendants employed oppressive child labor in violation of Sections 12 and 15(a)(4) of the Act, 29 U.S.C. §§ 212 and 215(a)(4), in that they employed persons under 18 years of age in the occupation of a delivery driver, which the Secretary has found to be particularly hazardous for the employment of such persons, in violations of regulations duly issued pursuant to the Act and found in 29 CFR 570, Subpart D (Hazardous Occupations Order No. 2), 29 CFR. § 570.52. Defendants employed an employee at the Norwood Restaurant as a delivery driver during the period of at least November 18, 2013 through May 18, 2014. The affected employee was 16 and 17 years old during the time of his employment. The affected employee's primarily job was to make time-sensitive deliveries to customers who ordered food from the restaurant. The affected employee routinely made several deliveries or more per day.

**RELIEF SOUGHT**

**XX.**

Defendants have violated the aforesaid provisions of the Act during the time periods and in the manner alleged in this Complaint. A judgment enjoining such violations is expressly authorized by Section 17 of the Act, 29 U.S.C. § 217.

**XXI.**

Defendants have violated the aforesaid provisions of the Act during the time periods and in the manner alleged in this Complaint. Defendants are liable for unpaid overtime compensation

and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

## XXII.

WHEREFORE, cause having been shown, Plaintiff prays judgment against Defendants as follows:

(1) For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants from prospectively violating the provisions of Sections 6, 7, 11, 12, 15(a)(2), 15(a)(4) and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 212, 215(a)(2), 215(a)(4) and 215(a)(5); and

(2) For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid back wages found to Defendants' employees and liquidated damages equal in amount to the unpaid compensation due to Defendants' employees listed on the attached **Exhibit A**.

Respectfully submitted,

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
miller.scott.m@dol.gov

Nicholas C. Geale
Acting Solicitor

Michael D. Felsen
Regional Solicitor

/s/ Scott Miller
Scott M. Miller: MA666509
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

March 24, 2017