UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD HUGLER, ACTING SECRETARY OF
LABOR, United States Department of Labor,

     Plaintiff

v.

PAPANTONIADIS PIZZA, INC. d/b/a STASH'S      C.A. NO. 1:17-cv-10500
PIZZA;  ATHENIAN ENTERPRISES, INC. d/b/a
STASH'S PIZZA;  BOSTON PIZZA COMPANY,
LLC;  WEYMOUTH PIZZA CO., LLC;
STAVROS "STEVE" PAPANTONIADIS; and
POLYXENY "PAULINA" PAPANTONIADIS

     Defendants

## ANSWER and JURY DEMAND

The Defendants Papantoniadis Pizza, Inc. d/b/a Stash's Pizza ("Papantoniadis Pizza"),

Athenian Enterprises, Inc. d/b/a Stash's Pizza ("Athenian Enterprises"), Boston Pizza Company,

LLC ("Boston Pizza"), Weymouth Pizza Co., LLC ("Weymouth Pizza";  aforementioned entities

referred to as the "Companies"), Stavros Papantoniadis, and Polyxeny Papantoniadis

(collectively referred to as the "Defendants") respond to the allegations of the Complaint of

Edward Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") as

follows:

## I.

The allegations of this paragraph are legal conclusions to which no response is required.

To the extent a response is required, the Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph and call for

Plaintiff to prove the same.

**II.**

The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call for Plaintiff to prove the same.

**III.**

The Defendants admit that Papantoniadis Pizza is and at all times mentioned in the complaint was a corporation and that its principal address registered with the Secretary of the Commonwealth of Massachusetts is 212 Temple Street, West Roxbury, MA 02132.  The Defendants admit that Papantoniadis Pizza is now and at all times mentioned in the Plaintiff's Complaint engaged in the operation of pizza restaurants.  Defendants admit that Defendant Papantoniadis Pizza owns and operates Stash's Pizza restaurants located at 253 Dean Street, Norwood, MA 02062 (the "Norwood Restaurant"); 330 Belgrade Ave., Roslindale, MA 02131 (the "Roslindale Restaurant"), and; 182 Onset Ave., East Wareham, MA 02538 (the "Onset Beach Restaurant").  Defendants deny all other allegations of this paragraph.

**IV.**

Defendants admit that Defendant Athenian Enterprises is and at all times mentioned in the complaint was a corporation and that its principal address registered with the Secretary of the Commonwealth of Massachusetts is 212 Temple Street, West Roxbury, MA 02132.  Defendants admit that Defendant Athenian Enterprises is now, and at all times mentioned in the Plaintiff's Complaint was engaged in the operation of a pizza restaurant.  Defendant Athenian Enterprises admits that it owns and operates a Stash's Pizza restaurant located at 612 Blue Hill Ave.,

Dorchester, MA 02121 (the "Dorchester Restaurant").  Defendants deny all other allegations of this paragraph.

## V.

Defendants admit that Boston Pizza was a limited liability company and that its principal address registered with the Secretary of the Commonwealth of Massachusetts was 201 Common Street, Dedham, MA 02026.  Defendants admit that Boston Pizza owned and operated the Boston Pizza Company restaurant located at 69 Washington St., Norwell, MA 02061 (the "Norwell Restaurant") until said restaurant was sold in December of 2013.  Defendants admit that Boston Pizza ceased operations on or about December 31, 2013.  Defendants deny all other allegations of this paragraph.

## VI.

Defendants admit that Weymouth Pizza was a limited liability company and that its principal address registered with the Secretary of the Commonwealth of Massachusetts was 201 Common Street, Dedham, MA 02026.  Weymouth Pizza owned and operated the Pacini's Italian Eatery pizza restaurant located at 836 Washington Street, Weymouth MA 02189 (the "Weymouth Restaurant").  Defendants deny all other allegations of this paragraph.

## VII.

Defendants admit that Stavros Papantoniadis resides at 701 Gay Street, Westwood, MA 02090 and deny all other allegations of this paragraph.

## VIII.

Defendants admit that Stavros Papantoniadis is now, and at all other times mentioned in the Complaint was, the person reported to the Secretary of the Commonwealth of Massachusetts as being the Treasurer, Secretary, and Chief Financial Officer of Papantoniadis Pizza and that

Mr. Papantoniadis manages the business affairs of Papantoniadis Pizza.  Defendants admit that

Mr. Papantoniadis has authority over business and personnel decisions at the corporation's

restaurants, including hiring and firing.  Defendants admit that Mr. Papantoniadis determined the

rates and amount of compensation paid to certain of the corporation's employees.  Mr.

Papantoniadis admits he was an onsite supervisor at the Norwood Restaurant.  The last sentence

of this paragraph is a legal conclusion to which no response is required, but to the extent a

response is required, Defendants deny said sentence, as well as all other allegations of this

paragraph not admitted herein.

## IX.

Defendants admit that Stavros Papantoniadis is now and at all times mentioned in the

Complaint was, the person reported to the Secretary of the Commonwealth of Massachusetts as

being the Treasurer and sole Director of Athenian Enterprises and that Mr. Papantoniadis

manages the business affairs of Athenian Enterprises.  Defendants admit that Mr. Papantoniadis

has authority over business and personnel decisions at the corporation's restaurant, including

hiring and firing.  Defendants admit that Mr. Papantoniadis determined the rates and amount of

compensation paid to certain of the corporation's employees.  The last sentence of this paragraph

is a legal conclusion to which no response is required, but to the extent a response is required,

Defendants deny said sentence, as well as all other allegations of this paragraph not admitted

herein.

## X.

Defendants admit that Stavros Papantoniadis was, through December of 2013, the

Manager of Boston Pizza Company LLC, and that he managed the business affairs of said

business.  Defendants admit that Mr. Papantoniadis has authority over business and personnel

decisions at the corporation's restaurant, including hiring and firing.  Defendants admit that Mr. Papantoniadis determined the rates and amount of compensation paid to certain of the corporation's employees.  The last sentence of this paragraph is a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny said sentence, as well as all other allegations of this paragraph not admitted herein.

## XI.

Defendants admit that Stavros Papantoniadis was the Manager of Weymouth Pizza Co., LLC and managed the business affairs of said business.  Defendants admit that Mr. Papantoniadis had authority over the company's business and personnel decisions, including hiring and firing, and that he determined the rates and amount of compensation for certain of the company's employees.  The last sentence of this paragraph is a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny said sentence, as well as all other allegations of this paragraph not admitted herein.

## XII.

Defendants admit Polyxeny Papantoniadis resides at 701 Gay Street, Westwood, MA 02090 and denies the remainder of the allegations of this paragraph.

## XIII.

Defendants admit that Polyxeny Papantoniadis has supervised the Roslindale Restaurant. The last sentence of this paragraph is a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny said sentence, as well as all other allegations of this paragraph not admitted herein.

## XIV.

The first sentence of this paragraph is a legal conclusion to which no response is required, but to the extent a response is required, the Defendants deny said sentence.  Defendants admit that certain individuals were employed by more than one of the following businesses: Papantoniadis Pizza, Athenian Enterprises, Boston Pizza and Weymouth Pizza.  Defendants admit that said businesses used the same payroll vendor.  Defendants admit that said businesses were managed by Stavros Papantoniadis, who had authority over the business' personnel and business decisions.  Defendants deny all other allegations of this paragraph not admitted herein.

## XV.

Defendants admit that Papantoniadis Pizza, Athenian Enterprises, Boston Pizza, and Weymouth Pizza have employed employees, and that Papantoniadis Pizza, Athenian Enterprises, Boston Pizza, and Weymouth Pizza in certain years had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level) individually, and $2,000,000.00 collectively.  The third sentence of this paragraph is a legal conclusion to which no response is required, but to the extent a response is required, the Defendants deny said sentence and all other allegations of this paragraph not admitted herein.

## XVI.

Defendants deny the allegations of this paragraph.

## XVII.

Defendants object to this paragraph of the Complaint as being in violation of Fed.R.Civ.P. 10(b) for failing to limit the statements therein to a single set of circumstances. Subject to and without waiving that objection, the Defendants deny the allegations of this paragraph of the Complaint.

## XVII.

Defendants object to this paragraph of the Complaint as being in violation of Fed.R.Civ.P. 10(b) for failing to limit the statements therein to a single set of circumstances. Subject to and without waiving that objection, the Defendants admit that certain stores did not and/or were not able to preserve certain employee time records, and that some payments to some employees were not recorded.  Defendnats otherwise deny the allegations of this paragraph of the Complaint.

## XIX.

This paragraph of the complaint largely states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny said legal conclusions and all other allegations of this paragraph of the complaint.

## XX.

This paragraph of the complaint states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph of the complaint.

## XXI.

This paragraph of the complaint states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph of the complaint.

## XXII.

This paragraph of the complaint states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph of the complaint.

## XXII.

This paragraph of the complaint states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph of the complaint.

## AFFIRMATIVE DEFENSES

1st.    Plaintiff's claims are barred by Plaintiff's failure to state a claim upon which relief can be granted.

2nd.    Plaintiff's claims are barred by the applicable statute of limitations.

3rd.    Plaintiff's claims are not subject to an extension the statute of limitations set forth in 29 USC § 255 as the Defendants did not act willfully.

4th.    Plaintiff's claims are barred because all actions taken by Defendants were made in a good faith and in conformity with orders, rulings, regulations or interpretations from the relevant authorities.

5th.    Liquidated damages are not justified because the actions taken by Defendants were made in a good faith and/or in conformity with orders, rulings, regulations or interpretations from the relevant authorities.

6th.    In the ordinary course, Defendants relied on the Companies' employees' representations as to hours worked and work performed while under Defendants employ.

7th.    Plaintiff's claims are barred because the Defendants at all times acted in good faith and had reasonable grounds to believe they were not violating the FLSA, or other relevant statute.

8th.    Plaintiff's claims are barred because any alleged damages were caused by surreptitious, unauthorized, willful and intentional acts of the Companies' very employees who claim to have been damaged.

9th.    Any damages were caused by third parties over which Defendants had no control or for which Defendants are not responsible.

10th.   Plaintiff's claims are barred because the Companies' employees have been paid all wages due to them.

11th.   The Plaintiff's claims are barred by the doctrine of waiver.

12th.   The Plaintiff's claims are barred by the doctrine of estoppel.

13th.   The Plaintiff's claims are barred by the Portal-to-Portal act.

14th.   The Plaintiff's claims are barred by settlement or release.

## JURY CLAIM

The Defendants, Stavros Papantoniadis, Polyxeny Papantoniadis, Papantoniadis Pizza, Inc., Athenian Enterprises, Inc., Boston Pizza Company, LLC, and Weymouth Pizza Co., LLC hereby claim a trial by jury on all issues.

STAVROS PAPANTONIADIS, POLYXENY
PAPANTONIADIS, PAPANTONIADIS PIZZA,
INC., ATHENIAN ENTERPRISES, INC.,
BOSTON PIZZA COMPANY, LLC, AND
WEYMOUTH PIZZA CO., LLC
By their Attorneys,


/s/Scott K. Semple_____

Date: July 17, 2017                      Scott K. Semple, Esq., BBO# 673229
                                         DAVAGIAN GRILLO & SEMPLE LLP
                                         365 Boston Post Road, Suite 200
                                         Sudbury, MA 01776
                                         t:  (978) 443-3773
                                         f:  (978) 443-7773
                                         sksemple@dgslawllp.com

### Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the NEF (NEF) and paper copies will

be sent to those indicated as non registered participants on July 17, 2017.


/s/Scott K. Semple_____
Scott K. Semple, Esq.