UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PAPANTONIADIS PIZZA, INC. d/b/a STASH'S PIZZA; ATHENIAN ENTERPRISES, INC. d/b/a STASH'S PIZZA; BOSTON PIZZA COMPANY, LLC; WEYMOUTH PIZZA CO., LLC; STAVROS "STEVE" PAPANTONIADIS; and POLYXENY "PAULINA" PAPANTONIADIS<br><br>Defendants. | CIVIL ACTION: 1:17-cv-10500-ADB |

## CONSENT JUDGMENT AND ORDER

Plaintiff, SECRETARY OF LABOR ("**Plaintiff**"), has filed a Complaint and Defendants PAPANTONIADIS PIZZA INC. d/b/a STASH'S PIZZA, ATHENIAN ENTERPRISES INC. d/b/a STASH'S PIZZA, BOSTON PIZZA COMPANY LLC, WEYMOUTH PIZZA CO. LLC, STAVROS "STEVE" PAPANTONIADIS, and POLYXENY "PAULINA" PAPANTONIADIS (collectively, "**Defendants**") have received a copy of Plaintiff's Complaint and waived service of process. Plaintiff has also assessed civil money penalties to Defendants and Defendants have received notice and service of the civil money penalties, and withdraw and waive exception to those civil money penalties, all under Section 16(e) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4 and 580.1–580.18. The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "**Consent Judgment**"), and Plaintiff and Defendants agree to its terms.

1

**I.**

It is therefore, ORDERED, ADJUDGED, and DECREED that Defendants, and their successors, assigns, agents, servants, employees, and all persons acting in their behalf and interest be, and they hereby are, enjoined and restrained from violating the provisions of the Act in the following ways:

A. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employees wages at rates less than the applicable minimum wage.

B. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they are employed.

C. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations found at 29 C.F.R. Part 516, fail to make, keep, and preserve accurate records of their employees and of the wages, hours, pay rates, and other conditions and practices of employment.

D. Defendants shall not fail to cooperate with the Department of Labor in any investigation conducted pursuant to Section 11(a) of the Act, 29 U.S.C. § 211(a), and commenced after the entry of this Consent Judgment. Defendants shall provide truthful responses and other information and documents to the Department of Labor. Defendants shall provide the Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the Act, 29 U. S.C. § 211(c), and 29 C.F.R. Part 516 and shall provide access to other information necessary for the proper execution of any Department of Labor investigation. Nothing contained in this Consent Judgment, including the

requirement to cooperate as set forth in this Paragraph I.D., abrogates Defendants' rights under the United States Constitution.

E. Defendants shall not, contrary to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), in any way retaliate or take any adverse action, or threaten that adverse action will be taken, against any individual who exercises or asserts his or her rights under the Act, or who provides or seeks to provide information to the Department of Labor, or who is about to testify in any investigation or proceeding under or related to the Act, or who engages in any protected activity. Defendants shall not report or threaten to report any individual to immigration or law enforcement authorities, or threaten to have any individual deported or investigated by immigration or law enforcement, for purposes of inhibiting any individual's rights under the Act. Defendants shall not refer to any individual's immigration status, citizenship, work authorization status, or lack of government documents (including a driver's license) for purposes of inhibiting any individual's rights under the Act. Defendants shall not instruct any individual not to speak to, or to provide false information, to the Department of Labor, or otherwise influence any individual with respect to their participation in any investigation or legal proceeding brought by the Department of Labor.

## II.

Further, Plaintiff and Defendants agree that Defendants shall pay Defendants' employees and former employees the aggregate amount of $330,000.00, which is inclusive of: (i) $165,000.00 in minimum wage and overtime payments due for the period up to and including January 24, 2018; and (ii) $165,000.00 in liquidated damages due with respect to minimum wage and overtime payments for the period up to and including January 24, 2018; all as shown on

**Exhibit A,** attached hereto, which **Exhibit A** is incorporated herein and made a part hereof. Further, pursuant to Section 16(e) of the Act, 29 U.S.C. § 216(e), Plaintiff and Defendants have agreed that Plaintiff is due a civil money penalty in the total amount of $20,000.00. Plaintiff and Defendants agree that Defendants shall pay said compensation and penalty, plus 1% per annum interest, compounded annually, on any unpaid balance after April 14, 2019, in accordance with the terms of this Consent Judgment.

### III.

Therefore, it is ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, are restrained from withholding payment of and are ordered to pay said minimum wage and overtime compensation, and are also ordered to pay said liquidated damages and civil money penalties.

### IV.

Defendants represent that, to the best of their knowledge and following a diligent review and inquiry, they have been in compliance with the Act since January 24, 2018. Plaintiff has relied on this representation as a material inducement to enter into this Consent Judgment. Accordingly, it is ORDERED, ADJUDGED and DECREED that any action which may have arisen after January 24, 2018 shall be unaffected by this Consent Judgment.

### V.

On or before April 14, 2019, Defendants shall deliver a gross payment of $350,000.00 to Plaintiff, which shall include three separate payments, as follows: (i) one payment of $165,000.00 for the gross amount of liquidated damages; (ii) one payment of $165,000.00 for the

gross amount of back wages; and (iii) one payment of $20,000.00 for the civil money penalty. Defendants shall make each payment described in the preceding clauses (i), (ii) and (iii) at www.pay.gov, in the form of a certified check, bank check, or money order according to the instructions provided below.

Defendants may pay one or more payments online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE.

Payments may also be made by certified check, bank check, or money order payable to "Wage and Hour Division—Labor," and shall reference "Case Id. Nos. 1785215 & 1793800." Defendants shall send the checks or money orders directly to:

U.S. Department of Labor, Wage and Hour Division
The Curtis Center, Suite 850 West
170 South Independence Mall West
Philadelphia, PA  19106-3317

with a copy to:

U.S. Department of Labor, Wage and Hour Division
John F. Kennedy Federal Building
15 Sudbury St., Room 525
Boston, MA 02203

Any amounts that are not paid by April 14, 2019, shall thereafter accrue interest at the rate of 1% per annum, compounded annually, until all such principal and accrued interest is paid in full.

Plaintiff shall distribute all back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages to employees and former employees, or to their estates, in the amounts set forth in **Exhibit A**.  Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

## VI.

In the event that Defendants fail to deliver the gross payment of $350,000 to Plaintiff by April 14, 2019, in accordance with Paragraph V above (a "**Payment Default**"), Plaintiff shall have the remedies described in this Paragraph VI.  Defendants agree that upon a Payment Default, Plaintiff may, at his election: (i) move for the Court to vacate this Consent Judgment and either resume litigation of Plaintiff's claims in this action as if the Consent Judgment was never entered or in effect, or file a new action; (ii) pursue contempt remedies for Defendants' violation(s) of this Consent Judgment; (iii) pursue the remedies set forth in Paragraph VIII below; and/or (iv) pursue any other remedies available to Plaintiff under this Consent Judgment, or otherwise available at law or equity.

Defendants agree that the statute of limitations shall toll from the date this Consent Judgment is entered until the date that Defendants have completely satisfied their monetary obligations under this Consent Judgment. Defendants waive any statute of limitations defense that may limit Plaintiff's ability to obtain relief in the event that Plaintiff moves to vacate this Consent Judgment under this Paragraph VI.  In the event Plaintiff moves to vacate the Consent Judgment, Defendants agree that the statute of limitations shall not be a defense or in any way limit or curtail the period of Plaintiff's claims as asserted in the Complaint in this action.

Defendants agree to join in any motion by Plaintiff to vacate this Consent Judgment under this Paragraph VI. Defendants hereby waive and agree not to assert any defenses or objections to such a motion by Plaintiff.

## VII.

In agreeing to the monetary terms of this Consent Judgment, Plaintiff has relied on the

financial documents and information Defendants have provided to Plaintiff.  Defendants have provided financial declarations, tax returns and other documents and information to Plaintiff.  All of the documents and information that Defendants have provided to Plaintiff concerning Defendants' finances as they relate to the back wages, liquidated damages and civil money penalties in this matter (including, without limitation, those provided through Defendants' counsel on August 7 and 31, 2018, and September 4, 6, and 7, 2018) are collectively referred to herein as, "**Defendants' Financial Representations.**"   Defendants acknowledge that Plaintiff has relied on the accuracy and authenticity of Defendants' Financial Representations in agreeing to the monetary provisions of this Consent Judgment.

Defendants acknowledge and agree that by a letter dated February 7, 2019, Plaintiff provided Defendants a statement of the total amount of back wages, liquidated damages and civil money penalties calculated as due in this litigation for the period up to and including January 24, 2018 (this total amount is referred to herein as the "**Calculated Amount**").  Plaintiff and Defendants agree that if at any future time there is a judicial determination that Defendants' Financial Representations are materially inaccurate or false, and that Defendants knew or should have known before executing this Consent Judgment that the Defendants' Financial Representations were inaccurate or false, the monetary damages and penalties due shall be amended by operation of this Consent Judgment from $350,000.00 to the Calculated Amount, and the full Calculated Amount will become immediately due and payable to Plaintiff.  Defendants agree that Plaintiff has the right to seek a determination from this Court as to the inaccuracy or falsity of Defendants' Financial Representations, Defendants' knowledge and constructive knowledge thereof, and the materiality of the inaccuracy or falsity of the representations.  Defendants further agree that the U.S. District Court for Massachusetts has

jurisdiction and venue is proper in that judicial district for any litigation concerning the provisions of this Paragraph VII.

Defendants waive any statute of limitations defense that may otherwise bar Plaintiff's ability to obtain relief under this Paragraph VII.  For the purposes of this Paragraph VII, Defendants waive any challenge to the merits of the Calculated Amount, and agree that the inquiry before the Court under this Paragraph VII shall be limited to whether Defendants' Financial Representations were inaccurate or false, their knowledge and constructive knowledge thereof, and the materiality of the inaccuracy or falsity of the representations.  Defendants agree that the provisions of this Paragraph VII do not limit Plaintiff's ability to seek any other relief, or to seek relief in another court or venue, concerning any inaccuracy or falsity in Defendants' Financial Representations.  Nothing in this Paragraph VII shall abrogate Defendants' rights under the United States Constitution.

### VIII.

It is FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendants fail to make the payments as set forth in Paragraph II, Paragraph V, Paragraph VI or Paragraph VII above, upon motion by Plaintiff and notice to Defendants, the Court may appoint a Receiver to effectuate all of the terms of this Consent Judgment.  In the event a Receiver is appointed:

A. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out his or her appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

B. All the expenses of the Receiver shall be borne solely by the Defendants.

C.  If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Consent Judgment are fully satisfied, whether those monetary terms are provided in Paragraph II, Paragraph V, Paragraph VI or Paragraph VII of this Consent Judgment.

D.  The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to Plaintiff; if the asset is a debt that is due, collect it and turn over the proceeds to Plaintiff; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties and satisfaction of the obligations under this Consent Judgment.

### IX.

Within 10 days after the entry of this Consent Judgment, Defendants shall deliver to Plaintiff at the address set forth above for the Wage and Hour Division's Boston District Office, a statement showing the following: (i) the employers' Federal ID number(s); (ii) the name of each employee listed in **Exhibit A**; and (iii) each employee's current address and social security number (to the extent known by Defendants).

### X.

When recovered wages or damages have not been claimed by any employee within three years, because of inability to locate such employee or because of such employee's refusal to accept such sums, Plaintiff shall deposit any such unclaimed sums into the United States

Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

## XI.

It is further ORDERED, ADJUDGED and DECREED that Defendants shall not, in any way, demand, accept, or keep any amount of back wages, or any amount of liquidated damages due to any individual under this Consent Judgment, or in any way attempt to recover any amounts due to any such individual in connection with this Consent Judgment. Defendants shall not threaten that adverse action will be taken against any employee because he or she has received or is due amounts due under this Consent Judgment and shall not harass, retaliate, discharge or reduce the hours of any employee because the employee has received or is due amounts due under this Consent Judgment.

## XII.

It is further ORDERED, ADJUDGED and DECREED that Defendants shall amend and maintain their recordkeeping and payroll practices to comply with the Act. Defendants shall exercise due diligence to accomplish the following:

A. Defendants shall maintain an accurate, unified and complete set of payroll records showing all gross and net amounts paid to employees, regardless of the manner of payment (e.g. cash or check), in each pay period.

B. Defendants shall accurately record all hours worked by employees in the payroll records, including overtime hours.

C. Defendants shall accurately record employees' pay rate(s) in the payroll record, regardless of whether employees are paid a regular hourly rate, overtime hourly rate, salary, a combination of the above, or by any other means.

D. Defendants shall not falsify (or cause others to falsify) time records, including but not limited to timecards or electronic timekeeping entries, in any manner, including by deleting or reducing the number of hours worked.

E. Defendants shall not request, require or otherwise cause employees to sign or approve inaccurate time records.

F. Defendants shall not request, require or otherwise cause employees to work "off the clock."

## XIII.

Plaintiff and Defendants agree that this Consent Judgment does not affect any potential claims the Plaintiff, employees, or former employees may have against Defendants for violations of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3) ("**Potential 15(a)(3) Claims**").  Any Potential 15(a)(3) Claims, whenever they arose, are expressly preserved, and are excluded from and unaffected by this Consent Judgment.  Plaintiff and Defendants agree that any Potential 15(a)(3) Claims arising before November 16, 2016 are tolled for a period of 128 days pursuant to the parties Statute of Limitations Tolling Agreement, dated January 24, 2017, and Second Statute of Limitations Tolling Agreement, dated February 14, 2017.

## XIV.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this _____ day of _____, 2019.

                                                   Hon. Allison D. Burroughs
                                                   United States District Judge
                                                   District of Massachusetts

***************************

**FOR DEFENDANTS**:

PAPANTONIADIS PIZZA, INC. d/b/a
STASH'S PIZZA

_____
By:
Title:

STAVROS "STEVE"
PAPANTONIADIS

_____
*Stavros "Steve" Papantoniadis*
an individual

ATHENIAN ENTERPRISES, INC. d/b/a
STASH'S PIZZA

_____
By:
Title:

POLYXENY "PAULINA"
PAPANTONIADIS

_____
Polyxeny "Paulina" Papantoniadis
an individual

BOSTON PIZZA COMPANY, LLC

_____
By:
Title:

COUNSEL FOR DEFENDANTS

_____
Scott K. Semple, Esq., MA 673229
DAVAGIAN GRILLO & SEMPLE LLP
365 Boston Post Road, Suite 200
Sudbury, MA 01776
t: (978) 443-3773
f: (978) 443-7773

WEYMOUTH PIZZA CO., LLC

_____
By:
Title:

12

FOR PLAINTIFF

Kate O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

_____
Scott M. Miller
Senior Trial Attorney: MA666509

_____
James Glickman
Senior Trial Attorney: MA550777

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
glickman.james@dol.gov
miller.scott.m@dol.gov

Attorneys for Plaintiff